UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EDWARD HART and JAVON WARD,

                               Plaintiffs,

          -against-

CITY OF NEW YORK, CHRISTOPHER BAUMANN,
Individually, CARLOS MARTINEZ, Individually,
JOSEPH BERMUDEZ, Individually, JOHNNY FARIS,
Individually, BRIAN CLEMENTS, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 2628 (TPG)

Jury Trial Demanded

RECEIVED
OCT 25 2012
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiffs EDWARD HART and JAVON WARD, by their attorneys, Leventhal & Klein,

LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.　　Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.　　Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.　　Plaintiff EDWARD HART is a twenty-two year old African American man residing in Bronx, New York.

7.　　Plaintiff JAVON WARD is a nineteen year old African American man residing in Bronx, New York and the younger brother of plaintiff HART.

8.　　Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.　　Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.　　That at all times hereinafter mentioned, the individually named defendants CHRISTOPHER BAUMANN, CARLOS MARTINEZ, JOSEPH BERMUDEZ, JOHNNY FARIS, BRIAN CLEMENTS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.　　That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On January 6, 2011, at approximately 6:45 p.m., plaintiffs EDWARD HART and JAVON WARD left their home located on Prospect Avenue, near 183rd Street, Bronx, New York, on their way to go play basketball, when the defendant police officers, without reason or justification, approached plaintiffs and ordered them to stand up against a wall and searched them.

14.    When plaintiff HART protested that the defendant officers had no right to search them, a defendant officer handcuffed him and placed him inside of a police van.

15.    While plaintiff HART was seated, handcuffed in the van, a defendant officer sprayed plaintiff HART in the face with pepper spray.

16.    Upon hearing plaintiff HART yell in pain, out of concern for his brother, plaintiff WARD approached the van.

17.    As soon as plaintiff WARD approached, a defendant officer grabbed plaintiff's chest area and ordered plaintiff to put his hands behind his back.

18.    The officer then handcuffed and imprisoned plaintiff WARD.

19.    The defendants transported plaintiffs to the NYPD's 48th precinct stationhouse and imprisoned plaintiffs therein.

3

20.    At approximately 7:30 p.m., the defendants issued plaintiff WARD a summons and released him.

21.    The defendant officers imprisoned plaintiff HART until January 8, 2011 at approximately 9:30 a.m., when he was arraigned in Bronx County Supreme Court, Criminal Term, on baseless charges filed against plaintiff based on the false statements of the defendant officers.   The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22.    On February 17, 2011, the summons issued to plaintiff WARD was dismissed after a finding that said charges were legally insufficient.

23.    On or about May 16, 2011 all the false charges levied against plaintiff HART were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

24.    Defendant BRIAN CLEMENTS, who holds the rank of sergeant, supervised defendants CHRISTOPHER BAUMANN, CARLOS MARTINEZ, JOSEPH BERMUDEZ, JOHNNY FARIS, and JOHN and JANE DOE 2 through 10 and otherwise oversaw, authorized, and/or participated in the arrest and prosecution of the plaintiffs.

25.    The defendant NYPD officers CHRISTOPHER BAUMANN, CARLOS MARTINEZ, JOSEPH BERMUDEZ, JOHNNY FARIS, BRIAN CLEMENTS, and JOHN and JANE DOE 2 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

26.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiffs due to their race and/or nationality, and due to a custom, practice, or *de facto* policy of falsification.

27.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, engaging in falsification, and/are insufficiently trained regarding the requirements to stop, search, and arrest individuals, and the appropriate use of force, including chemical agents.

28.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.    As a result of the foregoing, EDWARD HART and JAVON WARD sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

31.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

40.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

41.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff HART's constitutional rights.

44.     As a result of the aforementioned conduct of defendants, plaintiff HART was subjected to excessive force, causing pain and suffering, and emotional distress.

45.     As a result of the foregoing, plaintiff HART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs

and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants maliciously issued criminal process against plaintiffs EDWARD HART and JAVON WARD, by causing them to be arraigned and prosecuted in Criminal Court.

48.     Defendants caused EDWARD HART and JAVON WARD to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

49.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JAVON WARD.

52.     Defendants caused plaintiff JAVON WARD to be prosecuted without any probable cause until the charges levied against him were dismissed.

53.     As a result of the foregoing, plaintiff JAVON WARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

56.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD were deprived of their liberty and right to substantive due process, causing emotional distress and physical pain and suffering.

57.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD

were deprived of their rights under the Equal Protection Clause of the United States Constitution.

61.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

62.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants had an affirmative duty to intervene on behalf of plaintiffs EDWARD HART and JAVON WARD, whose constitutional rights were being violated in their presence by other officers.

64.    The defendants failed to intervene to prevent the unlawful conduct described herein.

65.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff HART was subjected to excessive force.

66.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

67.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    The supervisory defendants, including but not limited to BRIAN CLEMENTS, personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: unlawfully stopping, searching and arresting individuals without probable cause, and/or engaging in falsification, committing perjury and/or manufacturing evidence in an effort to convict such individuals, to otherwise cover up abuses of authority, or for other collateral objectives, such as meeting quotas and/or overtime compensation.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described

herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs EDWARD HART and JAVON WARD.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs EDWARD HART and JAVON WARD, as alleged herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs EDWARD HART and JAVON WARD, as alleged herein.

76.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs EDWARD HART and JAVON WARD, were unlawfully arrested and maliciously issued process, and plaintiff HART was subjected to excessive force.

77.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs EDWARD HART and JAVON WARD'S constitutional rights.

78.    All of the foregoing acts by defendants deprived plaintiffs EDWARD HART and JAVON WARD of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from excessive use of force;

    D.    To be free from the failure to intervene;

    E.    To be free from malicious prosecution;

    F.    To be free from malicious abuse of process; and

    G.    To receive equal protection under law.

79.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

80.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

82.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83.    This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

84.     Plaintiffs have complied with all conditions precedent to maintain the instant action.

85.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

86.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants arrested plaintiffs without probable cause.

88.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

89.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

90.     As a result of the aforementioned conduct, plaintiffs suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

14

93.    As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

94.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
#### (Battery under the laws of the State of New York)

96.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Defendants made offensive contact with plaintiffs without privilege or consent.

98.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
#### (Malicious Prosecution under the laws of the State of New York)

100.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants initiated, commenced, and continued a malicious prosecution against

plaintiff JAVON WARD.

102.   Defendants caused plaintiff JAVON WARD to be prosecuted without probable cause until the charges were dismissed.

103.   As a result of the foregoing, plaintiffs JAVON WARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

104.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

107.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

108.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

109.   As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

110.   As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are

16

entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

111.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

113.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

115.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

17

participated in the arrest and prosecution of plaintiffs.

117.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

118.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

121.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

124.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

126.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

127.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

129.    As a result of the foregoing, plaintiffs EDWARD HART and JAVON WARD, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs EDWARD HART and JAVON WARD, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
    October 24, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs EDWARD HART and JAVON WARD
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

EDWARD HART and JAVON WARD,

                               Plaintiffs,

         -against-

CITY OF NEW YORK, CHRISTOPHER BAUMANN,
Individually, CARLOS MARTINEZ, Individually,
JOSEPH BERMUDEZ, Individually, JOHNNY FARIS,
Individually, BRIAN CLEMENTS, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                               Defendants.

-------------------------------------------------------------------------X

                                 12 CV 2628 (TPG)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100